UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | NOS.  CR-96-0259-WFN-1 |
| -vs- | ) ) | |
| ROBERT S. BERRY, | ) ) | ORDER |
| Defendant. | ) ) | |

Before the Court are Mr. Berry's pro se Motions: 1) To Accept Late Filed Motion for Reconsideration, filed January 4, 2008 (Ct. Rec. 355); 2)  For Disqualification of Judge Nielson (sic) for Bias, filed January 4, 2008 (Ct. Rec. 357); 3) For Reconsideration of § 2255 Motion & Denial of COA By An Impartial Court, filed January 4, 2008 (Ct. Rec. 359); and For Evidentiary Hearing and For Discovery, filed January 8, 2008 (Ct. Rec. 362).

The Court will review the Motions in the order they were filed.

<u>Motion to Accept Late Filed Motion for Reconsideration</u>. In an Order filed January 3, 2008 (Ct. Rec. 354) this Court denied Mr. Berry's request for this Court to entertain a motion to reconsider its denial of Mr. Berry's § 2255 Motion. Mr. Berry had already filed a Notice of Appeal of the denial of his § 2255 Motion (Ct. Rec. 351)  and that appeal is now being processed.   He has also filed an appeal of the Order denying his request for the Court to entertain a motion for reconsideration (Ct. Rec. 363). Thus, the current request to file a late motion for reconsideration is moot.

<u>Motion for Disqualification of Judge Nielsen</u>. Mr. Berry asserts that the undersigned judge's ruling on the § 2255 Motion demonstrated bias. The Court will assume without

ORDER - 1

deciding that this Court has jurisdiction to address this Motion despite the pendency of the appeals.

> The substantive standard for recusal under § 28 U.S.C. 144 and § 28 U.S.C. 455 is the same: "[W]hether a reasonable person with knowledge of all the facts would conclude the judge's impartiality might reasonably be questioned." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986).

*United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir. 1997). The *Hernandez* court also observed that judicial rulings by themselves almost never are considered a valid basis for a bias motion. *Id.* at 1454; see also *Leslie v. Grupo ICA*, 198 F.3d 1152, 1160 (9th Cir. 1999). A Court's opinions will not constitute a basis for bias "unless they display a deep-seated favoritism that would make fair judgment impossible." *Leslie*, 198 F.3d. at 1160, quoting *Liteky v. United States,* 510 U.S. 540, 555 (1994).

The Court has reviewed its Order denying the Mr. Berry's § 2255 Motion and Mr. Berry's Motion for Disqualification. The judicial rulings to which the Mr. Berry takes exception were based on this Court's understanding of the law and the facts. The rulings do not display a deep-seated favoritism. In fact, the Court found that Mr. Berry's Motion was timely and that equitable tolling would likely apply despite the Government's arguments to the contrary. Moreover, Mr. Berry does not allege any extra-judicial bias nor did he alleged bias earlier as a part of his § 2255 Motion. It is true, that the Court's rulings were based on a firm belief that the § 2255 Motion should be denied, but not based on any personal bias against Mr. Berry. Thus, the Motion for Disqualification will be denied.

<u>Motion for Reconsideration of §2255 Motion & Denial of COA by an Impartial Court</u>.
The Court has not granted Mr. Berry's request to address a Motion for Reconsideration during the pendency of his appeal. Accordingly, this Motion must be denied as moot.

<u>Motion for Evidentiary Hearing and For Discovery</u>. Whether an evidentiary hearing on the § 2255 Motion was required was an issue dealt with as a part of the § 2255 Motion. If the Court was incorrect in any of its ruling on the § 2255 Motion, including this one, the

ORDER - 2

1 issues may be addressed on appeal.  As the Court is not addressing reconsideration of the
2 Order denying the § 2255 Motion, this Motion of Mr. Berry's must also be denied as moot.
3 Accordingly,

**IT IS ORDERED** that:

1.  Mr. Berry's Motion To Accept Late Filed Motion for Reconsideration, filed January 4, 2008, **Ct. Rec. 355**, is **DENIED AS MOOT.**

2.  Mr. Berry's Motion For Disqualification of Judge Nielson (sic) for Bias, filed January 4, 2008,  **Ct. Rec. 357, is DENIED.**

3. Mr. Berry's Motion For Reconsideration of § 2255 Motion & Denial of COA By An Impartial Court, filed January 4, 2008, **Ct. Rec. 359, is DENIED AS MOOT.**

4.  Mr. Berry's Motion  For Evidentiary Hearing and For Discovery, filed January 8, 2008, **Ct. Rec. 362 is DENIED AS MOOT.**

The District Court Executive is directed to  File this Order and provide copies to Mr. Berry and to the United States Attorney in Spokane, Washington.

**DATED** this 17th day of January, 2008.

                                   s/ Wm. Fremming Nielsen
                                    WM. FREMMING NIELSEN
01-14                         SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 3