UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROBERT S. BERRY,<br><br>    Movant,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | NO. CR-96-0259-WFN-1<br>     CV-07-0211-WFN<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION OF MOTION FOR DISQUALIFICATION OF JUDGE NIELSEN FOR BIAS** |

Before the Court is Movant's Motion for Reconsideration of Motion for Disqualification of Judge Nielsen for Bias (Ct. Rec. 370). The motion is before this Court because it was addressed to the Chief Judge.

Movant brings this motion under Federal Rule of Civil Procedure 52(b).[1] Rule 52(b) states in part: "On a party's motion filed no later than 10 days after entry of judgement, the court may amend its findings–or make additional findings–and may amend the judgement accordingly." *Id.* The 10-day deadline is firm. *Browder v. Dir., Dept. of Corrs. of Illinois,* 434 U.S. 257, 268 (1978); *see also Balla v. Idaho State Bd. of Corrs.,* 869 F.2d 461, 467 (9th Cir. 1989).

Movant filed his Motion to Disqualify Judge Nielsen on January 4, 2008 (Ct. Rec. 357). The motion was denied on January 17, 2008 (Ct. Rec. 366). A timely Motion for Reconsideration would have needed to be filed by January 27, 2008.

---

[1] *See also* Fed. R. Civ. P. 59 ("Any motion to alter or amend judgment shall be filed no later than 10 days after entry of the judgment.").

**ORDER DENYING MOTION FOR RECONSIDERATION OF MOTION FOR DISQUALIFICATION OF JUDGE NIELSEN FOR BIAS ~ 1**

Movant mailed a copy of the Motion for Reconsideration to this Court on February 6, 2008, which was filed in the Court docket on February 14, 2008 (Ct. Rec. 370). As the 10-day deadline expired before Movant filed his motion, this Court will not consider the merits of the motion.

Additionally, this motion is not properly before this Court. Movant cites to Rule 4 of the Rules Governing Section 2255 Proceedings and the corresponding Advisory Committee Notes as evidence that his Motion for Disqualification should have been considered by a judge other than Judge Nielsen. Similarly, Movant argues that his current motion should be considered by another judge. However, the referenced Advisory Committee Notes state:

> The long-standing majority practice in assigning motions made pursuant to § 2255 has been for the trial judge to determine the merits of the motion. In cases where the § 2255 motion is directed against the sentence, the merits have traditionally been decided by the judge who imposed sentence.

Advisory Committee Note to Rule 4 of the Rules Governing Section 2254 Proceedings.

The Ninth Circuit follows the majority practice. *See Tripati v. Henman*, 843 F.2d 1160, 1163 (9th Cir. 1988).

Also, to the extent Movant is attempting to argue his disqualification motions pursuant to 28 U.S.C. §§ 144 and 455, the Ninth Circuit has held that these motions should also be heard by the Judge against whom the motion is made. *See United States v. Azhocar,* 518 F.2d 735, 739 (9th Cir. 1978); *United States v. Conforte*, 624 F.2d 869, 879 (9th Cir. 1980).

Accordingly, **IT IS HEREBY ORDERED**:

1. Movant's Motion for Reconsideration (Ct. Rec. 370) is **DENIED**.

///
///

**ORDER DENYING MOTION FOR RECONSIDERATION OF MOTION FOR DISQUALIFICATION OF JUDGE NIELSEN FOR BIAS ~ 2**

1 **IT IS SO ORDERED.** The District Court Executive is directed to enter this
2 Order and forward copies to counsel.
3 **DATED** this 27th day of February, 2008.
4 *S/ Robert H. Whaley*

ROBERT H. WHALEY
Chief United States District Judge

7 Q:\CRIMINAL\1996\Berry\Berry.ord.wpd

**ORDER DENYING MOTION FOR RECONSIDERATION OF MOTION
FOR DISQUALIFICATION OF JUDGE NIELSEN FOR BIAS ~ 3**