UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROBERT SHERMAN BERRY,<br><br>　　　　　　Movant<br><br>　-vs-<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　Respondent. | NOS.  CR-96-0259-WFN-1<br>　　　　CV-11-0429-WFN-1<br><br>ORDER ON REQUEST FOR<br>LEAVE TO AMEND OR<br>SUPPLEMENT § 2255 AND<br>MOTION TO ALTER OR AMEND<br>JUDGMENT |

    Before the Court is Mr. Berry's Request for Leave to Amend or Supplement § 2255 (ECF No. 429) and his Motion to Alter or Amend Judgment (ECF No. 430). The Court denies the Motions for the reasons stated below.

## BACKGROUND

    Mr. Berry was indicted on December 5, 1996, on 12 counts with two co-Defendants (ECF No. 19). A jury trial commenced on March 3, 1997. On April 2, 1997, the jury returned guilty verdicts on Count 1--conspiracy in violation of 18 U.S.C. § 371; Counts 10 and 11--interstate transportation of a stolen motor vehicle in violation of 18 U.S.C. § 2312; and Count 12--possession of unregistered grenades in violation of 26 U.S.C. § 5861(d). The jury reached no decision on Counts 2 through 9. A Superseding Indictment was filed April 9, 1997, on Counts 2 through 9 (ECF No. 132).

    A second jury trial commenced on June 19, 1997. On July 23, 1997, the jury returned guilty verdicts on Counts 2 and 6--destruction of a building used in interstate commerce in violation of 18 U.S.C. § 844(i); Counts 3, 5, 7, and 9--use of a firearm during a crime of

ORDER - 1

violence in violation of 18 U.S.C. § 924(c); and Counts 4 and 8--armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d). Mr. Berry was sentenced on November 4, 1997, to two life terms plus seventy-one years and ten months incarceration (ECF No. 271). The matter was appealed (ECF No. 273) and a Mandate filed June 21, 1999, affirming the decision of the district court (ECF No. 342).

In 2007, Mr. Berry filed a Motion that he labeled as a Motion to Vacate his convictions under 28 U.S.C. § 2255. This Court denied Mr. Berry's Motion after reaching the merits of his claims. Mr. Berry appealed and the Ninth Circuit affirmed. However, the Ninth Circuit found that the Motion was substantially a motion for a new trial under Federal Rule of Criminal Procedure 33.

In September of 2011, Mr. Berry petitioned the Ninth Circuit to authorize the filing of a second § 2255 motion to address two additional claims. The Ninth Circuit ruled that as Mr. Berry's first Motion under 28 U.S.C. § 2255 was essentially a motion for a new trial, Mr. Berry's request for authorization to file a second § 2255 was unnecessary. Accordingly, the Circuit transferred the motion to this Court, with instruction to treat it as a first motion under § 2255.

Mr. Berry's 2011 § 2255 Motion stated two claims for relief:

> Ground One (Loren Berry Brady/Giglio/Napue): The government (a) breached its pre-trial duty under Brady by suppressing the fact that it had promised to provide key witness Loren Berry benefits after the trial, (b) violated Giglio when it solicited testimony that it knew was false, and (c) violated Napue when it breached its obligation to correct the false testimony.
>
> * * *
>
> Ground Two (CABL Brady): In regards to FBI CABL science, the government breached its obligation of full disclosure under Brady/Giglio.

ECF No. 412 at 70-71.[1]

---

[1] Mr. Berry has acknowledged that his 2007 reply identifies "the same core claims" as his current 2011 § 2255 Motion (ECF No. 418).

ORDER - 2

On April 26, 2012, the Court concluded that Mr. Berry's new claims failed and the Court dismissed Mr. Berry's 2011 § 2255 Motion. The Court found that (1) Mr. Berry's claims were untimely and (2) that he was not entitled to equitable tolling because he had not alleged facts claiming that he pursued his rights diligently, or that some extraordinary circumstance stood in his way and prevented a timely filing. The Court went on to conclude that even if Mr. Berry's second claim was timely, Mr. Berry would be unable to meet the third element under *Brady*, which requires that the alleged violation be material to his guilt or innocence. *United States v. Lopez*, 577 F.3d 1053, 1059 (9th Cir. 2009).

On May 1, 2012, Mr. Berry filed a Request for Leave to Amend or Supplement § 2255 (ECF No 429). Mr. Berry's certificate of service states that he signed the request on April 25, 2012.

**I. Mr. Berry's Request For Leave to Amend or Supplement § 2255**

Under Rule 11 of the Rules Governing Section 2255 Cases in the United States District Courts, requests to amend § 2255 petitions are governed by Federal Rule of Civil Procedure 15. *Mayle v. Felix*, 545 U.S. 644, 655 (2005). Pursuant to Rule 15, once responsive pleadings are filed, a plaintiff may only amend with leave of court. Fed. R. Civ. P. 15(a)(2). While such leave should be freely given when justice so requires, the decision whether to do so remains committed to the district court's discretion.

In his Request for Leave to Amend, Mr. Berry seeks to add eighteen additional claims to his § 2255 Motion. The Court uses its discretion to deny Mr. Berry's request, believing that justice does not require leave to amend in the present case.

The Court notes that Mr. Berry's request to amend came very late. It was filed 92 days after the Government's response, five days after the Court entered its Order denying his Motion and more than 14 years after the Judgment in this case. It appears to the Court that Mr. Berry is attempting to run an initial version of his Motion by the Govern-

ORDER - 3

ment and then modifying his motion accordingly. It is of note that this adversarial testing is also what Mr. Berry attempted to do in his 2007 reply to his Motion for a New Trial (ECF No. 347). It is also clear to the Court that Mr. Berry has long been aware of the severe consequences of failing to list all grounds for relief in a § 2255 Motion because (1) Mr. Berry is well versed in the Rules Governing Section 2255 Cases in the United States District Courts, and (2) Mr. Berry has previously used the district § 2255 form which warns:

> State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States . . . . <u>CAUTION: If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date</u>.

ECF No. 343 at 4 (emphasis in original).

Finally, the Court concludes that granting Mr. Berry leave to amend his § 2255 Motion would be futile. As even Mr. Berry acknowledged in his Request for Leave to Amend, his amended claims would "'supplement' rather than 'amend' his [2011] claims" (ECF No. 429 at 3). Specifically, each claim merely supplements his first claim. Accordingly, under the Court's previous analysis, when it dismissed Mr. Berry's first claim of his § 2255 Motion, Mr. Berry's amended claims would be untimely. This is the case because as both parties previously agreed, the clock under § 2255(f)(2) or (4), started by October 1, 2007. Mr. Berry had one year from that date to file a timely motion. Mr. Berry did not file a § 2255 Motion until 2011. Also, under the Court's previous analysis, Mr. Berry's amended claims would not be equitably tolled because he has not alleged facts claiming that he has been pursuing his rights diligently, or that some extraordinary circumstance stood in his way and prevented timely filing. Consequently, Mr. Berry's Request for Leave to Amend is denied.

**II. Mr. Berry's Motion to Alter or Amend Judgment**

In his Motion to Alter or Amend Judgment, Mr. Berry moves this Court pursuant to Fed R. Civ. P. 59(e), to (1) adjudicate un-addressed supplemental claims, (2) re-address

ORDER - 4

certain issues, (3) clarify rulings, and (4) correct clear errors. The Court will briefly address part of Mr. Berry's Motion.

> Under Federal Rule of Civil Procedure 59(e), a party may move to have the court amend its judgment within twenty-eight days after entry of the judgment. Since specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion. But amending a judgment after its entry remains an extraordinary remedy which should be used sparingly. In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law.

*Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (internal quotations and citations omitted).

In his Motion, Mr. Berry cites to *Mardesich v. Cate,* 668 F.3d 1164 (9th Cir. 2012), for the position that AEDPA timeliness analysis is directed to "claims," rather than "applications." The Court begins by noting that in its Order denying Mr. Berry's § 2255 Motion, the Court considered the timeliness of each of Mr. Berry's claims separately.

Previously, Mr. Berry relied upon *Mayle v. Felix*, 545 U.S. 644 (2005), for his argument that his first claim was timely. Specifically, he argued that the claim was timely because it related back to the statements he made in his 2007 reply for a Motion for a New Trial. As discussed in the Court's Order dismissing Mr. Berry's § 2255 claim, *Mayle* does not support Mr. Berry's position. Rather, *Mayle* holds that

> [a]n amended habeas petition . . . does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth.

*Id.* at 650. *Mayle* does not state that a § 2255 Motion may relate back (and thereby escape AEDPA's one-year time limit) to a claim in a Motion for a New Trial. However, even if *Mayle'*s holding was so broad, it would not revive Mr. Berry's argument because Mr. Berry's Motion for a New Trial did not include a claim that Loren Berry's testimony was purchased

ORDER - 5

clandestinely by the Government.[2]  As discussed previously by the Court in its Order denying Mr. Berry's § 2255 Motion, Mr. Berry's Motion for a New Trial was never amended to include his allegations of a conspiracy between Loren Berry and the Government.  Despite making these allegations in 2007, and relying on an affidavit that was signed in 2005 by Loren Berry, Mr. Berry did not file a § 2255 nor appeal to the Circuit under § 2255(h) until 2011.

In his current Motion, Mr. Berry also challenges the Court's conclusion that his second claim involving CABL science was untimely.  Mr. Berry requests a *Brady* analysis of the claim.  The Court notes that in its Order denying Mr. Berry's § 2255 Motion, it concluded, assuming *arguendo*, that if Mr. Berry's second claim was timely, it would fail under a *Brady* analysis.  In sum, the Court uses its discretion to deny Mr. Berry's Motion to Alter or Amend Judgment.

Given Mr. Berry's proclivity for filing motions in lieu of or in addition to appealing (see ECF Nos. 350, 355, 357, 359, 362, 367, 370, 374, and 430), the Court takes this opportunity to inform Mr. Berry that it is not inclined to further entertain motions for reconsideration or motions to alter or amend judgment of the Court's Order denying his § 2255 Motion.

## CERTIFICATE OF APPEALABILITY

An appeal of this Order may not be taken unless this Court or a Circuit Judge issues a certificate of appealability, finding that "the applicant has made a substantial

---

[2]As noted by the Ninth Circuit, Mr. Berry's 2007 Motion raised only two claims: First, Berry asserted that the CABL evidence was so scientifically unsound that it rendered his trial "fundamentally unfair," in violation of his due process rights.  Second, he argued that Lundy's perjury and the FBI's discontinued use of CABL evidence undermines confidence in his guilty verdict.

*United States v. Berry*, 624 F.3d 1021, 1039 (9th Cir. 2010).

ORDER - 6

showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires a showing that "reasonable jurists would find the district Court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Based on the Court's preceding analysis, the Court concludes jurists of reason would not find the Court's rulings debatable. Thus, a certificate of appealability should not issue. Accordingly,

**IT IS ORDERED** that:

1. Mr. Berry's Request For Leave to Amend or Supplement § 2255, filed May 1, 2012, **ECF No. 429**, is **DENIED**.

2. Mr. Berry's Motion to Alter or Amend Judgment, filed May 21, 2012, **ECF No. 430**, is **DENIED**.

The District Court Executive is directed to:

- File this Order and provide copies to Mr. Berry and to the United States Attorney in Spokane, Washington;
- Inform the Ninth Circuit Court of Appeals that if the Petitioner files a Notice of Appeal that a certificate of appealability is **DENIED**; and
- The corresponding civil file, CV-11-0429-WFN, shall remain **CLOSED**.

**DATED** this 10th day of September, 2012.

08-15-12

s/ Wm. Fremming Nielsen
WM. FREMMING NIELSEN
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 7