William D. Hyslop
United States Attorney
Eastern District of Washington
Joseph H. Harrington
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 2:96-CR-0257-WFN-1 |
| | 2:96-CR-0258-WFN-1 |
| vs. | 2:96-CR-0259-WFN-1 |
| VERNE JAY MERRELL, | United States' Consolidated |
| CHARLES HARRISON BARBEE, and | Simultaneous Briefing Addressing |
| ROBERT SHERMAN BERRY, | Resentencing Procedures |
| Defendants. | |

Plaintiff, United States of America, by and through William D. Hyslop, United States Attorney for the Eastern District of Washington, and Joseph H. Harrington, Assistant United States Attorney for the Eastern District of Washington, submits the following simultaneous briefing addressing resentencing procedures pursuant to the Court's Orders ECF Nos. 407, 428, 470.

## INTRODUCTION

The Defendants presents a grave danger to the public. In these post-Davis §2255 matters, the Court has the discretion to modify the Defendants' sentences absent the vacated counts of conviction or, alternatively, sentence the Defendants

United States' Briefing - 1

anew by restructuring each of their sentences based the remaining counts of conviction.

## DISCUSSION

In accordance with *United States v. Davis*, 139 S. Ct. 2319 (June 24, 2019), this Court vacated each Defendants' convictions for Use of a Firearm (this is, an explosive devise) in the Destruction of a Building used in Interstate Commerce. These counts of conviction (Counts 3S & 7S), together with the other counts for which they were convicted, were part of a sentencing package when the original sentence was imposed. This Court has discretion to simply amend the judgment absent a full resentencing or, alternatively, sentence the Defendants anew, under the sentencing package theory.

A. <u>Amending the Judgment and Commitment Orders</u>

A full resentencing is not mandated if the Court concludes that the aggregate sentence imposed for the remaining counts of conviction for each Defendant satisfies the purpose and policy underlying the Federal Sentencing Act.

In *Troiano,* the Ninth Circuit noted that "the decision to restructure a defendant's entire sentence when only one of the counts of conviction is found to be invalid is discretionary." *Troiano v. United States*, 918 F.3d 1082, 1086–87 (9th Cir. 2019). *But see United States v. Brown*, 879 F.3d 1231 (11th Cir. 2018)(defendant's presence required where habeas relief undermines sentence as a whole and where significant discretion exercised when modifying sentence on questions not presented at original sentencing). Moreover, the Ninth Circuit has acknowledged the "broad and

United States' Briefing - 2

flexible power" conferred by § 2255 vis a via all remaining counts of conviction where a district court has set aside an invalid conviction. *Cf. United States v. Handa,* 122 F.3d 690 (9th Cir.1997). Like an *Ameline*-driven remand, the district court can obtain or at least solicit views of counsel in writing about substantive sentencing issues before any sentence actually modified. *Cf. United States v. Ameline*, 400 F.3d 646 (9th Cir. 2005).

In the matters at hand, if this Court determines that a full resentencing is unnecessary, any modified sentence will surely be <u>less</u> than the sentence originally imposed. While the vacatur of Counts 3S & 7S plainly impacted the Defendants' total sentence, the sentences imposed for the remaining counts appear to aggregate to nearly 72 years. Given the current age of the Defendants, together with all the underlying facts and circumstances of these cases, this Court may, in the exercise of its discretion, conclude that the original sentence, absent the vacated counts of conviction, represents an adequate modified sentence. A modification of the sentence is, of course, not a full resentencing where the Defendants presence may be required.

If the Court choses to so modify the Defendants' sentences, the United States submits that it would be prudent for the Court to issue a written order supporting its decision, which order would include, *inter alia*, the court's awareness of its discretion, its familiarity of the case, and its awareness and understanding of any change(s) to the sentencing range resulting from the vacatues of Counts 3S & 7S, as well as the change in the mandatory verses discretionary nature of the Guidelines themselves.

United States' Briefing - 3

## B. Alternatively, Defendants' Aggregate Sentences Should be Unbundled

If this Court choses to resentence, as distinguished from modifying Defendants' sentences, the United States respectfully submits that this Court should sentence the Defendants anew, under the sentencing package theory. The Ninth Circuit has endorsed the "sentencing package" principle in numerous cases where, as here, a conviction on one or more counts was vacated but convictions on the remaining counts were affirmed. *See, e.g., United States v. Davis*, 854 F.3d 601, 606 (9th Cir. 2017); *United States v. Avila-Anguiano*, 609 F.3d 1046, 1049 (9th Cir. 2010); *United States v. Ruiz-Alvarez*, 211 F.3d 1181, 1184 (9th Cir. 2000); *United States v. Handa*, 122 F.3d 690, 692 (9th Cir. 1997). That is to say, when a sentencing package becomes "unbundled" due to a judicial determination that a conviction or sentence was invalid, the district court has the authority " 'to put together a new package reflecting its considered judgment as to the punishment the defendant deserve[d] for the crimes of which he [wa]s still convicted.' "*United States v. McClain,* 133 F.3d 1191, (9th Cir.1998), quoting *Handa,* 122 F.3d at 692; *United States v. Barron,* 172 F.3d 1153, 1160 (9th Cir.1999) (*en banc*).[1]

For example, in *Barron,* the defendant plead guilty to one count of felon in possession of a firearm, one count of possession of cocaine with intent to distribute and one count of possession of a firearm in relation to a drug trafficking crime in

---

[1] It should be noted that resentencing on remaining counts following a vacated count(s) does not violate double jeopardy. *United States v. Ruiz-Alvarez*, 211 F.3d 1181, 1185 (9th Cir. 2000). A defendant does not have a legitimate expectation of finality in a portion of a total sentence that he places in issue by way of collateral attack, even if he has fully served that portion. *United States v. McClain*, 133 F.3d 1191, 1194 (9th Cir. 1998) ("A defendant's expectations regarding finality, therefore, can relate only to his entire sentence, not the discrete parts.")

United States' Briefing - 4

violation of 18 U.S.C. § 924(c). *Barron,* 172 F.3d at 1155. The Supreme Court later held in *Bailey v. United States,* 516 U.S. 137, 116 S. Ct. 501, 133 L.Ed.2d 472 (1995), that use of a gun for purposes of § 924(c) meant "active employment" of the firearm in relation to the drug offense. Because his gun had been concealed in a safe, Barron moved to vacate his § 924(c) conviction and sentence. *Barron,* 172 F.3d at 1156. The Ninth Circuit held that when the district court vacates a conviction it may recalculate and resentence the defendant on the counts of the conviction that still stand. In support of this holding the court explained:

> In *United States v. Handa* (122 F.3d 690 (9th Cir.1997) we embraced the packaging metaphor as enunciated by the Seventh Circuit and adopted by the District of Columbia, First, Third, Fourth, Fifth, and Eighth Circuits. 122 F.3d at 691-92. We held that the "broad and flexible power" conferred by § 2255 authorized the district court, after setting aside an invalid conviction, to resentence on the remaining crimes of which the defendant stands convicted. *Id.* at 691. We do not repudiate this holding; rather we affirm it so that the district court may vacate the judgment and resentence Barron on the two counts of conviction that still stand, taking into account any relevant enhancement under the Sentencing Guidelines.

*Id.* at 1160.

In the cases at hand, the aggregate sentences were not, at the time, imposed in a vacuum. Rather, this Court was fully aware of the Defendants' criminal and relevant conduct. At this juncture, this Court should restructure the Defendant's entire sentence, under the sentencing package theory, in order to fashion an appropriate, aggregate sentence for the remaining counts of conviction that reflects the purpose and policy underlying the Federal Sentencing Act. An amended PSIR would recalculate the relevant Guidelines ranges and, at any such resentencing, the parties would be in a

United States' Briefing - 5

position to address the substantive sentencing issues, together with making sentencing recommendations to the Court.

CONCLUSION

Based on the foregoing, the United States respectfully submits that it is proper and this Court has the authority to simply amend the Judgment and Commitment Orders, absent the vacated counts of conviction. Alternatively, this Court may properly sentence the Defendants anew by restructuring each of their sentences based the remaining counts of conviction.

Dated: November 22, 2019.

                                            William D. Hyslop
                                            United States Attorney

                                            *s/Joseph H. Harrington*
                                            Joseph H. Harrington
                                            Assistant United States Attorney

# CERTIFICATE OF SERVICE

I hereby certify that on November 22, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Matthew Campbell
Federal Defenders of Eastern Washington and Idaho
10 North Post Street, Suite 700
Spokane, Washington 99201

*s/Joseph H. Harrington*
Joseph H. Harrington
Assistant United States Attorney

United States' Briefing - 7