William D. Hyslop
United States Attorney
Eastern District of Washington
Joseph H. Harrington
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA, | 2:96-CR-00259-WFN-1 |
|---|---|
| Plaintiff, | United States' Objections to the Presence Investigation Report |
| v. | |
| ROBERT SHERMAN BERRY, | |
| Defendant. | |

Plaintiff, United States of America, by and through William D. Hyslop, United States Attorney for the Eastern District of Washington, and Joseph H. Harrington, Assistant United States Attorney, for the Eastern District of Washington, respectfully submits the following objections to the Presence Investigation Report ("PSIR") (ECF 482).

INTRODUCTION

The original PSIR, dated September 12, 1997 and authored by former probation officer Al Barrett, noted the Defendant had a long history of criminal behavior and, based on the crimes for which he was convicted, "is a very dangerous individual

capable of violent acts." PSIR p. 25 (Nov. 1997). The Defendant, and his coconspirators, ascribed to a twisted, religious coterie called the Phineahs Priesthood.[1]

At this juncture, Defendant's conduct and criminal acts underlying the crimes for which he was charges and convicted have not changed. What has changed is the vacature of the Defendant's conviction for violating 18 U.S.C. § 924(c) as charged in Counts 3 & 7 of the Superseding Indictment (s*ee* ECF 472), the advisory nature (as distinguished from the mandatory nature) of the Sentencing Guidelines, and the greater emphasis on the sentencing factors under 18 U.S.C. § 3553 which allow the imposition of statutory maximum penalties where appropriate and justified.

## DISCUSSION

The instant PSIR, dated February 14, 2020 and authored by Probation Officer Sean Carter, appears to be complete and accurate as a supplement to the previous PSIR, with the following exceptions.

- As noted in the earlier PSIR, the Defendant has several aliases not listed in the instant PSIR, but should for completeness – Jim Preston, Scott Westmann, and Byran Vurmullien. PISR p.2.
- The statutory penalty for violating 18 U.S.C. § 924(c) as charged in Count 5 of the Superseding Indictment is 30 years. *See* 18 U.S.C. § 924(c) (1997) ("imprisonment for thirty years, * * *.").[2] PSIR p. 2 and p.24, ¶ 173.

---

[1] *See* the instant PSIR at pp. 7-8, ¶¶ 24-35 (coconspirators left a letters at two crime scenes regarding usury, Babylonic society, and symbol of Phinehas Priesthood justifying violent actions).

[2] It appears the applicable penalty provisions are those enacted at the time the original sentence was imposed, not such provisions in effect at this late date by way of a habeas corpus proceeding. *See* General Savings Statute, 1 U.S.C. § 109. *See also United States v. Augustine*, 712 F.3d 1290 (9th Cir. 2013).

United States' Objections to the Presentence Investigation Report - 2

- The statutory penalty for violating 18 U.S.C. § 924(c) as charged in Count 9 of the Superseding Indictment is twenty years. *See* 18 U.S.C. § 924(c) (1997) ("imprisonment for twenty years, * * *.").[3] PSIR p. 2 and p.5, ¶ 192.
- The enhancement associated with the use of firearms in connection with the Armed Bank Robbery charged in Count 4 (as distinguished from capturing the use of the pipe bomb during the robbery in Count 5) should apply. That is to say, the use of firearms creates a different harm than that created by the pipe bomb. While no firearm was discharged several were plainly used. Hence, a 5-level enhancement (USSG §2B3.1(b)(2)(C)) is appropriate and does not amount to double counting. Therefore, application of this enhancement results in Adjusted Offense level 31. *Cf*. PSIR pp.13-14, ¶¶ 67 – 72. This, in turn, affects the Multiple Count Adjustment, beginning with level 31 and adding 4 levels, equating to a Total Offense Level of 35. PSIR p.17, ¶¶ 104 – 110.
- The PSIR, in PART E, Factors That May Warrant Departure (p.29, ¶ 251) overlooks the applicability of USSG §5K2.6 which addresses the use of a dangerous weapon – in this case a shrapnel-covered pipe bomb – during the commission of an offense, here Count 6. Here, the manner in which the pipe bomb was used and detonated resulting in serious damage and grave risk of injury or death to others, and the intent to imbue the greater Spokane region with unmitigated FEAR[4] plainly militates consideration and application of this

---

[3] *See* General Savings Statute, 1 U.S.C. § 109. *Supra*.

[4] Indeed, by way of a departure, Chapter Three Adjustments at USSG §3A1.4 (Terrorism) provided a compass where, as the circumstances here may be viewed as "imperfect terrorism" because a government building has not targeted, the Guidelines range would be 210 – 262.

United States' Objections to the Presentence Investigation Report - 3

Chapter 5 Upward Departure. This is consistent with the comments at PSIR p. 29, ¶ 254-56.

## CONCLUSION

The United States submits that, based on the foregoing comments and observations, the PSIR should appropriately be modified consistent therewith.

Dated: February 28, 2020.

William D. Hyslop
United States Attorney

s/*Joseph H. Harrington*
Joseph H. Harrington
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on February 28, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

John P. Nollette
Attorney at Law
1408 W. Broadway Avenue
Spokane, Washington 99201

s/*Joseph H. Harrington*
Joseph H. Harrington
Assistant United States Attorney