JOHN P. NOLLETTE
Attorney at Law
1408 W. BROADWAY AVE.
SPOKANE, WA 99201
Ph: (509) 701-0566

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | No. 2:96-00259-WFN-1 |
| Plaintiff, | ) | |
| | ) | ROBERT BERRY'S |
| | ) | RESPONSE TO THE |
| | ) | GOVERNMENT'S |
| v. | ) | SENTENCING MEMORANDUM |
| | ) | |
| ROBERT S. BERRY, | ) | |
| | ) | |
| Defendant. | ) | |

The Defendant, Robert Berry, through counsel, respectfully submits the following

1. <u>Count S-9 Under Now-Applicable Law</u>

Resentencing on count S-9 must be pursuant to the current version of § 924(c) as amended by section 403 of the First Step Act; which would mandate a consecutive 5 year sentence.

DEFENDANT ROBERT BERRY'S RESPONSE
TO THE GOVERNMENT'S SENTENCING MEMORANDUM
Page 1

JOHN P. NOLLETTE
Attorney at Law
1408 W. Broadway Ave.
Spokane, WA 99201
Ph: (509) 701-0566

The Government cites to the general Savings Clause (1 U.S.C. § 109), but that statute is not relevant here. According to *Dorsey v. United States*, it applies only to new statutes, "the word 'repeal' applies when a new statute simply diminishes the penalties that the older statute set forth." *Dorsey v. United States*, 132 S. Ct. 2321, 2329 (2012), *citing Warden v. Marrero*, 417 U.S. 653, 659-663 (1974).

Thus, the § 403 amendment to § 924(c) is not a repealing statute; it does not diminish penalties, it leaves penalties unchanged and clarifies to whom those penalties can be applied.

Mr. Berry herein incorporates by reference the argument he presented in Defendant's Supplemental Briefing, ECF 473, pgs. 5-9.

2. Terrorism Upward Departure

In its Sentencing Memorandum, the Government urges the Court to apply "an invited" upward departure, citing USSG § 3A1.4 and Amendment 637, effective November 1, 2002, which has little to do with a "terrorist motive."

The Government alleges Mr. Berry was "ideologically motivated" and "killing at the Planned Parenthood was [his] intent." ECF 500, pgs. 15-16. Mr. Berry disputes these allegations and points out that the jury made no such findings.

DEFENDANT ROBERT BERRY'S RESPONSE
TO THE GOVERNMENT'S SENTENCING MEMORANDUM
Page 2

JOHN P. NOLLETTE
Attorney at Law
1408 W. Broadway Ave.
Spokane, WA 99201
Ph: (509) 701-0566

Such an adjustment is unwarranted and, moreover, would violate the Constitution. The *ex post facto* issue inherent in applying this Guideline Amendment to a conspiracy that ended by October 8, 1996 is obvious. It is also apparent that a sentence resulting from a 12 level Guideline increase could not be upheld as reasonable on the facts encompassed by the jury verdict, which would implicate 6th Amendment issues.

Respectfully submitted this ____ day of July, 2020.

/s/John P. Nollette
John P. Nollette
Attorney for Robert Berry

## CERTIFICATION

I hereby certify that on the ____ day of July, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following.

Joseph Harrington
Assistant U.S. Attorney
920 W. Riverside, Room 300
Spokane, WA 99201

/s/John P. Nollette
Attorney for Robert Berry

DEFENDANT ROBERT BERRY'S RESPONSE
TO THE GOVERNMENT'S SENTENCING MEMORANDUM
Page 3

JOHN P. NOLLETTE
Attorney at Law
1408 W. Broadway Ave.
Spokane, WA 99201
Ph: (509) 701-0566