FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 04, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> -vs- <br><br> ROBERT SHERMAN BERRY, <br><br> Defendant. | No.  2:96-CR-0259-WFN-1 <br><br> ORDER GRANTING MOTION FOR COMPASSIONATE RELEASE |

    Pending before the Court is Defendant's Motion for Compassionate Release and Reduction of Sentence. ECF No. 538.  The Court recently ruled that if remanded, the Court would grant a motion for compassionate release.  ECF No. 235.  The Court concluded that due to the BOP's slow response to and delayed treatment of Mr. Berry's cancer, his current prognosis, as well as the heightened risk that COVID-19 presents to a person undergoing chemotherapy / radiation, that compassionate release is appropriate.  The Ninth Circuit remanded to the district court for the limited purpose of enabling the district court to consider appellant's motion for compassionate release under 18 U.S.C. § 3582(c).

    In response to the Motion, the Government notes that following the Court's Order, Mr. Berry refused both a second COVID-19 inoculation as well as chemotherapy.  The Government argues that based on this information that the BOP's medical treatment has been appropriate, and that Mr. Berry is somehow attempting to manipulate his medical issues to assure release.  Neither of these rationales undermine the justifications supporting compassionate release discussed in the Court's previous orders.  The BOP's long delays in delivering treatment, as well as the coincidental beginning of chemotherapy after the Court's Order indicating that compassionate release is appropriate, suggests that the BOP's response is too little, too late.  As for refusal to take the second dose, Mr. Berry was justified on two grounds.  As his counsel points out, mixing Moderna and Pfizer vaccines is not approved

by the CDC. Further, as referenced in the previous motion, vaccination right before chemotherapy serves no medical purpose as chemotherapy suppresses the immune system obviating the purpose of vaccination.

Mr. Berry has demonstrated that exceptional circumstances support early release. While his crimes were serious and an affront to our community, at the resentencing hearing Mr. Berry demonstrated he had reformed and no longer presents a risk to the community. He has served 25 years—more than half his sentence. During that time he took advantage of programing available to him. At the resentencing hearing he expressed remorse for his actions and deep regret for the harm he caused. The Court has reviewed the file and filings and is fully informed. Accordingly,

**IT IS ORDERED** that:

1. Defendant's Motion for Compassionate Release and Reduction of Sentence, filed April 21, 2021, **ECF No. 538**, is **GRANTED**.

2. The Government's Motion for Order Sealing Response to Motion for Compassionate Release and Sentence Reduction, filed April 23, 2021, **ECF No. 539**, is **GRANTED**. The proposed sealed Response shall be filed under seal.

3. Defendant' sentence is reduced to **Time Served**. An Amended Resentencing Judgment shall be entered.

4. This Order is **stayed for up to fourteen days**, for the verification of Defendant's residence and release plan, to make appropriate travel arrangements, and to ensure Defendant's safe release. The Defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made, and it is safe for Defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure Defendant's safe release, the parties shall immediately notify the Court and show cause why the stay should be extended.

5. Defendant must provide the complete address where he will reside upon release to the probation office in the district where he will be released.

ORDER GRANTING MOTION FOR
COMPASSIONATE RELEASE - 2

6. Defendant's previously imposed conditions of supervised release are unchanged as imposed in the Resentencing Judgment at ECF No. 508.

The District Court Executive is directed to file this Order and provide copies to counsel **AND TO** the Ninth Circuit Court of Appeals, United States Probation Office, and United States Marshals Service.

**DATED** this 4th day of May, 2021.

04-28-21

                        WM. FREMMING NIELSEN
                SENIOR UNITED STATES DISTRICT JUDGE