Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Joseph H. Harrington
Assistant United States Attorneys
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>ROBERT SHERMAN BERRY,<br>    Defendant. | 2:96-CR-00259-WFN<br><br>United States' Sentencing Memorandum |

The United States of America, by and through the Vanessa R. Waldref United States Attorney for the Eastern District of Washington, and Joseph H. Harrington, Assistant United States Attorney, hereby submits its Sentencing Memorandum.

**DISCUSSION**

On September 2, 2020, following the grant of relief under 28 U.S.C. § 2255, this Court resentenced the Defendant to, *inter alia*, a five year term of supervised release for count of conviction 5 (use of a firearm during a bank robbery) and three year terms for the remaining counts of conviction 1, 2, 4, 6, 8, 9, 10, 11, and 12. *See* Amended Resentencing JNC, p.4. EFC No. 544. Thereafter, in May, 2021 this Court granted the

United States' Sentencing Memorandum - 1

Defendant compassionate release and, as noted in the PSIR, the Defendant commenced his five-year term of supervision on or about May 14, 2021. *See* PSIR (October 11, 2022) ¶¶ 12, 232, 301.

On June 10, 2022, the Ninth Circuit issued a divided opinion vacating the sentences imposed on the Defendant at a resentencing and remanding for resentencing. *United States v. Merrell*, 37 F.4th 571 (9th Cir. 2022). As noted in the decision:

> Berry was granted compassionate release after this appeal was filed, but is still subject to supervised release. Because the district court may impose a different term of supervised release upon the resentencing sought in this appeal, *see* 18 U.S.C. § 3583, Berry's appeal is not moot. *See United States v. Verdin*, 243 F.3d 1174, 1178 (9th Cir. 2001).

*Merrell*, 37 F.4th at 573, n.4. The Ninth Circuit expressly stated that the court "of course express[ed] no opinion as to the appropriate sentences to be imposed on remand." *Id.* at 578.

Section 3583 generally, and the eight sentencing factors identified in Section 3583(e), support a continuation of the Defendant's five-year term. Here, the Defendant's compliant behavior while under supervision thus far is commendable. Such behavior, however, is <u>expected</u> of a person serving a term of supervised release. It appears that supervision is working as intended and should be continued to mitigate any future risk of recidivism by Defendant. Yet, the Defendant is neither employed nor seeking employment as required by the conditions of his supervised release. *See* Amended Resentencing JNC, p.5 ¶ 7. EFC No. 544. He has reportedly been "inconsistent with his

United States' Sentencing Memorandum - 2

minimal restitution payments of $25 per month." PSIR (October 11, 2022) ¶ 13.  And, the other similarly-culpable co-conspirators who remain incarcerated, have been sentenced to the <u>same</u> term of supervision upon release.  Finally, continued supervision will serve to mitigate any recidivist conduct by the Defendant, the seriousness of which conduct plainly cannot be understated.

The United States respectfully submits that, after considering salient considerations associated with Section 3583, this Court must conclude that the interests of justice do not warrant a change in the length of the earlier imposed term. Indeed, given the significant amount of restitution outstanding, the need to provide restitution to any victims of the offense weighs against early termination as does unwarranted sentencing disparities between Defendant and equally culpable co-defendants.  In sum, justice would not be served by shortening the Defendant's current five-year term of supervised release.

## CONCLUSION

Based on the foregoing, the United States respectfully submits that this Court should impose the original five-year term of supervised release on resentencing.

Dated this 4th day of November 2022,

                                                  Vanessa R. Waldref
                                                  United States Attorney

                                                  *s/ Joseph H. Harrington,*
                                                  Joseph H. Harrington
                                                  Assistant United States Attorney

## CERTIFICATION

I hereby certify that on November 4, 2022, I electronically filed the foregoing with the Clerk of the Court and counsel of record using the CM/ECF System.

*s/ Joseph H. Harrington,*
Joseph H. Harrington
Assistant United States Attorney

United States' Sentencing Memorandum - 4